REDMANN, Judge.
This appeal by defendant, answered by plaintiff, disputes only price for equipment plaintiff fabricated for defendant.
Circumstances which need not be detailed—but included defendant’s urgent need being solved by plaintiff’s drop-everything response—resulted in there being no agreement on price, and in plaintiff’s billing defendant on the basis of plaintiff’s understanding that “price was no object” and was also to include future work.
There was no showing of industry custom from which we might, under the circumstances, justify allowing plaintiff more than the 5% or so profit in the 15% for overhead and profit which plaintiff stated in attempts at resolution of the price impasse, and which became the stipulated basis for recovery.
Nevertheless we do allow the $1,200 retail price rather than manufacturing cost for the basic hydraulic power unit (which was already assembled for another customer). This was not material being sold and worked with; it was a functional unit which had an established price of its own yet had to be partially dismantled and modified for defendant’s purposes. And, just as we allow the 15% on the retail price of cylinders bought elsewhere and modified, we conclude that the 15% premium should also apply to this item because of the rush modification and no express stipulation to the contrary.
We find defendant further liable for these costs: motor starter $84.15; electric cable $70.90; relief valve $63.78; Dukes valve $20.62; four damaged 600-lb. gauges $46.00 (if that range were not what defendant ordered for the 750-psi system defendant should not have accepted the second two); snubbers $5.95; isolation valve $8.06; Z-604 couplers $10.00 (by defense allowance); hydraulic hose $380.12; couplers $18.96; two 10" clyinders $576.20; miscellaneous hardware $25.00 (the proof is not exact); outside machining and material to convert cylinder-assembly to T stroke $896.84; labor $436.51 (base rate $264.39 plus $32.44 actual premium for overtime plus $100 for two days of salaried officer’s time plus 10% allowance for direct payroll taxes and costs); special transportation $54.12.
Total proven costs are thus $3,897.21, of which 15% is $584.58. Sales tax of 4% is $179.27.
The judgment is amended in principal to $4,661.06 and is affirmed. Plaintiff is to pay costs of this appeal.
Amended and affirmed.